IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY BLANEY, #1519297** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:14-CV-2808-B-BK** |
| | § | |
| **JUDGE JOHN OVARD, et al.,** | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On August 5, 2014, Plaintiff, a state inmate, filed a *pro se complaint* against state and federal court judges, complaining of kidnapping, cover-up of capital crimes, suborning perjury, destruction of court records, theft of evidence, and unlawful conviction. [Doc. 3 at 1]. He sought monetary, declaratory, and injunctive relief. [Doc. 3 at 14-15]. Along with his complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis*. [Doc. 8]. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

### I. ANALYSIS

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

This Court previously found Plaintiff was barred by three strikes. *See Blaney v. Ovard*, 3:14-CV-2219-K-BN, 2014 WL 4060228 (N.D. Tex. Aug. 13, 2014) ((accepting

recommendation of the magistrate judge, collecting prior dismissals for frivolousness and three-strike bar and finding Plaintiff was barred by three strikes); *see also Blaney v. Ovard*, No. 3:11-CV-0893-B (N.D. Tex. June 3, 2011) (three-strike dismissal); *Blaney v. Fish*, No. 3:11-CV-0907-L (N.D. Tex. May 31, 2011) (same); Blaney v. Wright, No. 3:11-CV-0908-P (N.D. Tex. June 1, 2011) (same). Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. See *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, the complaint presents no such claim. See *Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff is thus barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that, Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.

**SIGNED** August 26, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE